UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ZACHORY BEECHE,<br><br>    Petitioner,<br><br>v.<br><br>TODD BILLECI,<br><br>    Respondent. | Case No. 17-cv-05334-LB<br><br>**ORDER TO SHOW CAUSE**<br>Re: ECF Nos. 1, 3 |

# INTRODUCTION

Zachory Beeche, an inmate housed at the West County Detention Center in Richmond, California, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He consented to proceed before a magistrate judge. (ECF No. 5.)[1] His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This order requires the respondent to respond to the petition and denies Mr. Beeche's motion for appointment of counsel.

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

ORDER – No. 17-cv-05334-LB

## STATEMENT

Mr. Beeche provides the following information in his petition and attachments thereto: After a jury trial in Contra Costa County Superior Court, Mr. Beeche was convicted of first degree residential burglary. On February 26, 2016, he was sentenced to three years probation with a four-year suspended prison term.

He appealed. The California Court of Appeal affirmed Mr. Beeche's conviction in 2016 and the California Supreme Court denied his petition for review in 2017. He then filed this action.

## ANALYSIS

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The federal petition for writ of habeas corpus alleges a single claim: the trial court's refusal to instruct the jury on the lesser-included offense of unauthorized entry of a residence, around which Mr. Beeche had built his defense, violated his Fourteenth Amendment right to a fundamentally fair trial. Liberally construed, the claim is cognizable in a federal habeas action.

Mr. Beeche has filed a motion for the appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). Appointment of counsel is required when there will be an evidentiary hearing. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). The decision to appoint counsel otherwise generally is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See id.* The interests of justice do not require appointment of counsel in this action. An evidentiary hearing does not appear necessary at this time; if one does become

necessary later, the court will appoint counsel on its own motion. Mr. Beeche's claim for federal habeas relief was briefed on direct appeal and has been adequately presented to this court in the habeas petition that has the state court appellate briefs attached to it. *See Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel was within discretion of district court where petitioner adequately presented issues in petition and accompanying memorandum). The motion for appointment of counsel is DENIED. (ECF No. 3.)

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by mail a copy of this order and the petition upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent and the respondent's attorney, the Attorney General of the State of California.

4. The respondent must file and serve upon the petitioner, on or before **December 22, 2017**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petitioner.

5. If the petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on the respondent on or before **January 19, 2018.**

6. The petitioner is responsible for prosecuting this case. The petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

7. The petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

8. The petitioner's motion for appointment of counsel is DENIED. (ECF No. 3.)

**IT IS SO ORDERED.**

Dated: October 19, 2017

_____
LAUREL BEELER
United States Magistrate Judge